# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH DUNSTON, | No. 4:20-CV-01961 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN SPAULDING, | |
| Respondent. | |

## MEMORANDUM OPINION

### JUNE 24, 2021

Presently before the Court is Petitioner Joseph Dunston's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, challenging the computation and application of jail time credits while he was in the custody of state authorities to his federal sentence.[1] Respondent submitted an answer.[2] Although provided an opportunity to respond, Petitioner has not filed a traverse. For the reasons that follow, the Petition will be denied.

## I. BACKGROUND

Petitioner, is an inmate formerly confined in the Allenwood Federal Correctional Institution ("FCI-Allenwood"), White Deer, Pennsylvania.[3] He is

---

[1] Doc. 1.
[2] Doc. 16.
[3] Subsequent to the filing of the above captioned petition for writ of habeas corpus, Dunston was transferred from FCI-Allenwood to the Philadelphia Residential Reentry Facility. *See* https://www.bop.gov/inmateloc/.

serving a 199-month term of imprisonment.⁴ Petitioner filed the instant action challenging the calculation of his federal sentence and requests to be immediately released from custody.⁵ The Respondent opposes the petition, claiming that Dunston's federal sentence was properly computed pursuant to federal statutes, regulations, and BOP policy, as well as the expressed intent of the federal sentencing court.⁶

In support of their response, Respondent provided the Court with the declaration of K. Martin, a Correctional Program Specialist with the Designations and Sentence Computation Center in Grand Prairie, Texas.⁷ Mr. Martin attests that he has reviewed Petitioner's sentence computation and federal term of imprisonment and detailed Petitioner's arrest history in his declaration.⁸ According to Mr. Martin, on April 2, 2008, Petitioner was arrested by state authorities in Fort Lauderdale, Florida, pursuant to a federal warrant issued by the Eastern District of Pennsylvania in Case Number 08-254-01.⁹

On April 7, 2008, Petitioner appeared before a United States Magistrate for the Southern District of Florida and waived pretrial detention and removal hearings

---

4  Doc. 1.
5  *Id*.
6  Doc. 16.
7  Doc. 16-1 at 3-5.
8  *Id*.
9  *Id*.

2

and was transferred to the United States District Court for the Eastern District of Pennsylvania.[10]

On April 24, 2008, Petitioner appeared in the Eastern District of Pennsylvania and that court subsequently dismissed the Bank Robbery charge in Case Number 2:08-MJ-00254-01, (08-254-01).[11] On April 25, 2008, Petitioner was charged with the instant federal offenses of Conspiracy (Count One), Armed Bank Robbery, Aiding and Abetting, (Count Two), and Carrying a Firearm During and In Relation To a Crime of Violence, (Count Three), Case Number 2:08CR000289-001, (08-289-01) in the Eastern District of Pennsylvania.[12] On the same day, Petitioner was released from federal custody to state authorities in Montgomery County, Pennsylvania, for parole violations in Case Numbers CP-46-CR-5784-2005 and CP-46-CR-5223-2007.[13]

On July 2, 2008, Petitioner was transferred back to federal custody via a Writ of Habeas Corpus *ad prosequendum* to face pending charges in federal Case Number DPAE2:08CR000289-001.[14]

On December 22, 2009, Petitioner was sentenced in the Eastern District of Pennsylvania to 115 months for the Conspiracy (Count One), 115 months for the Armed Bank Robbery, Aiding and Abetting (Count Two), and 84 months for

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*

3

Carrying a Firearm During and In Relation To a Crime of Violence (Count Three), Case Number 2:08CR000289-001.[15] The court ordered counts One and Two to run concurrent to each other and consecutive to count Three, for a total aggregate term of 199-months.[16] Mr. Martin noted that the judgment was silent as to how the sentence was to run against any other sentence; therefore, the BOP computed a consecutive sentence to commence on the date it was imposed.[17]

On January 20, 2010, the Court of Common Pleas of Montgomery County, Pennsylvania, terminated Petitioner's supervision in Case Numbers 5784-05 and 5223-07.[18] On January 28, 2010, Montgomery County Correctional Facility and Montgomery County Probations Office explained that Petitioner's probation was terminated without any term of confinement and no sentence was imposed.[19]

On February 14, 2012, Petitioner received an amended sentence from the Eastern District of Pennsylvania on Conspiracy (60 months on Count one), Armed Bank Robbery, Aiding and Abetting (115 months on Count two), and Carrying a Firearm During and In Relation To a Crime of Violence (84 months on Count three) in Case Number 2:08CR000289-001.[20] The amended sentence reduced Dunston's sentence on Conspiracy (count 1) from one-hundred fifteen months to

---

15 *Id*.
16 *Id*.
17 *Id*.
18 *Id*.
19 *Id*.
20 *Id*.

4

sixty months. The sentence was still to run concurrently to count 2, leaving the aggregate sentence of one-hundred ninety-nine months unchanged.[21]

On October 5, 2017, Petitioner filed a request for a *nunc pro tunc* designation asking that the BOP retroactively start his sentence from April 2, 2008, since his judgment and commitment order was silent as to when his sentence should start.[22] On October 31, 2017, the Designation and Sentence Computation Center ("DSCC") notified Petitioner he was not eligible for a retroactive designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).[23] The DSCC explained that Petitioner's sentence began on the date it was imposed, and cannot begin any earlier than this date.[24] Pursuant to 18 U.S.C. § 3585(a), the earliest a prison term can be commenced is the date on which it is imposed.[25] Therefore, Dunston's sentence was commenced on the date his sentence was imposed, December 22, 2009.[26] Dunston was awarded six-hundred twenty-nine days of prison custody credit, from the date of his arrest, April 2, 2008, through December 21, 2009.[27]

---

[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*

On March 21, 2019, Petitioner filed a Motion for a Reduction and/or Modification of sentence, Case Number 2:08-CR00289-PD-1.[28] On May 29, 2019, the United States District Court for the Eastern District of Pennsylvania denied Petitioner's motion.[29]

On June 10, 2019, Petitioner filed a motion with that court to have his jail credit corrected on his sentence computation in Case Number 2:08-CR00289-PD-1.[30] On June 12, 2019, the Eastern District of Pennsylvania denied Petitioner's motion.[31]

On July 12, 2019, Petitioner filed a petition for writ of habeas pursuant to § 2241 in the United States District Court for the District of South Carolina, challenging the manner in which he is serving his federal sentence and requests that the court "enter an Order changing Petitioner's Projected Release date to near April 25, 2022 or to Vacate Petitioner's Sentence and Remand Petitioner for Resentencing."[32] By Order dated February 11, 2020, that district court determined that the BOP correctly calculated Dunston's sentence.[33]

On October 23, 2020, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he again challenges the computation

---

[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *See Dunston v. Joyner*, Civil No. 5:19-CV-1960.
[33] *Id.*

of his federal sentence and requests immediate release from BOP custody.[34] Specifically, he argues that the BOP failed to credit him for time served from April 2, 2008 to February 14, 2012, and to also award him good conduct time and/or time credits under the First Step Act of 2018, P.L. 115-391.[35] On that basis, he believes that he has overserved his sentence and should have been released on August 27, 2020.[36]

## II. DISCUSSION

### A. Legal Standard

Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."[37] A challenge to the calculation of good conduct time is properly brought pursuant to § 2241, "as the action could affect the duration of the petitioner's sentence."[38]

Additionally, it is not the sentencing court which determines if jail time credits should be granted towards a federal sentence, it is the BOP.[39] The proper

---

[34] Doc. 1.
[35] *Id.*
[36] *Id.*
[37] *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). *See Zayas v. INS*, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241.
[38] *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). *See also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).
[39] *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *Edwards v. United States*, 41 F.3d 154, 155 (3d Cir. 1994).

7

vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. § 2241 in the district where the defendant is imprisoned.[40] Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under § 2241.[41] Because Dunston is alleging that the BOP has failed to calculate his sentence correctly, he is properly before this Court.

B. Analysis

Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the date on which the federal sentence commences and, second, the extent to which credit may be awarded for time spent in custody prior to commencement of the sentence ("prior custody credit"). Section 3585 states, in pertinent part:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>> (1) as a result of the offense for which the sentence was imposed; or

---

[40] *United States v. Smith*, 101 F.Supp. 2d 332, 338 (W.D. Pa. 2000); *United States v. Donohue*, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28, 1999).
[41] *See Rios v. Wiley*, 201 F.3d 257 (3d Cir. 2000); *see also Gomori v. Arnold*, 533 F.2d 871, 874-75 (3d Cir. 1976)(holding that where prisoner seeking federal habeas corpus relief challenges effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. § 2255).

8

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.[42]

Dunston's federal sentence commenced on December 22, 2009, the date his sentence was imposed.[43] Dunston was properly awarded six-hundred twenty-nine days of prison custody credit, from the date of his arrest, April 2, 2008, through December 21, 2009, the date his federal sentence commenced.[44]

To the extent that Dunston alleges that he has been improperly denied good conduct time, the record before this Court reveals that Dunston has received fifty-four days of good conduct time each year of his imprisonment, with a prorated amount for any time less than one year.[45] As a result, he is projected to earn eight-hundred ninety-five days of good conduct time.[46]

Lastly, with respect to Dunston's claim that he is eligible for time credits under the First Step Act, his argument is without merit. Dunston's current conviction under 18 U.S.C. § 924(c), Carrying a Firearm During and In Relation To a Crime of Violence automatically precludes him from time credit eligibility under 18 U.S.C. § 3632(d)(4)(D)(xxii).

---

[42] 18 U.S.C. § 3585.
[43] Doc. 16-1 at 10, Public Information Inmate Data.
[44] *Id.*
[45] Doc. 16-1 at 36, Sentence Monitoring Good Time Data.
[46] *Id.*

Therefore, Petitioner has received all the credit he is entitled to for the period of time at dispute in his petition, namely April 2, 2008 through February 14, 2012. Because the February 14, 2012 amendment of Dunston's federal sentence did not change his aggregate sentence or the calculation of his release date, his projected release date remains May 19, 2022.[47] This release date has been accurately computed in accordance with federal statutes and BOP policy.[48]

**III. CONCLUSION**

For the reasons set forth, above, the petition for writ of habeas corpus lacks merit and will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[47] Doc. 16-1 at 7, Public Information Inmate Data.
[48] Doc. 16-1 at 5, Declaration of K. Martin, a Correctional Program Specialist with the Designations and Sentence Computation Center in Grand Prairie, Texas.